**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ANGEL SERRANO, :
:
        Petitioner, :  Civil Action No. 04-0294 (MLC)
:
  v. :
:  **MEMORANDUM OPINION**
ROY L. HENDRICKS, et al., :
:
        Respondents. :

**APPEARANCES:**

    ANGEL SERRANO, #879000B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner pro se

    PATRICIA S. TOREKI, Assistant Prosecutor
    OCEAN COUNTY PROSECUTOR
    P.O. .Box 2191
    Toms River, New Jersey  08754-2191
    Attorneys for Respondents

**COOPER**, District Judge

    Angel Serrano filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254(a), supported by a Memorandum of Law and Appendix, challenging a judgment of conviction in the Superior Court of New Jersey.  Respondents filed an Answer.  For the reasons expressed below, the Court dismisses the Petition with prejudice as untimely, and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.   BACKGROUND

Petitioner challenges a judgment of conviction entered on January 5, 1996, in the Superior Court of New Jersey, Law Division, Ocean County, after a jury convicted him of knowing or purposeful murder, conspiracy to commit murder and armed robbery, felony murder, armed robbery, possession of a firearm for an unlawful purpose, and possession of a handgun without a permit. The Law Division sentenced Petitioner to life imprisonment, with 30 years of parole ineligibility, for murder, to a consecutive 15-year term, with seven and one-half years of parole ineligibility, for armed robbery, and to a concurrent five-year term for the weapons charge.  Petitioner appealed, and in an opinion filed on November 30, 1998, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and made the sentence for armed robbery concurrent to the sentence for murder. State v. Serrano, No. A-1172-96T3 slip op. (App. Div. Nov. 30, 1998).  On March 24, 1999, the Supreme Court of New Jersey denied the petition and cross-petition for certification.  State v. Serrano, 160 N.J. 90 (1999) (table).

On September 15, 1999, Petitioner executed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("First Petition").  See Serrano v. Hendricks, Civil No. 99-4411 (MLC) (D.N.J. filed Sept. 15, 1999).  Respondents filed an Answer.  Petitioner thereafter filed a motion to withdraw the

Petition without prejudice to pursue state post-conviction relief.  By Order entered February 25, 2000, this Court dismissed the First Petition without prejudice.

On March 31, 2000, Petitioner executed a <u>pro se</u> petition for post-conviction relief, which the Law Division date-stamped on April 3, 2000.  The Law Division denied relief by order entered April 24, 2001.  Petitioner appealed, and in an opinion filed January 24, 2003, the Appellate Division affirmed the order denying post-conviction relief.  <u>State v. Serrano</u>, No. A-6075-00T4 slip op. (App. Div. Jan. 24, 2003).  On July 14, 2003, the Supreme Court of New Jersey denied certification.  <u>State v. Serrano</u>, 177 N.J. 493 (2003) (table).

On January 13, 2004, Petitioner executed the Petition which is now before the Court.  The Clerk received it on January 21, 2004.  The Court notified Petitioner of the consequences of filing a petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000).

The Petition presents five grounds:

Ground One:  Since petitioner's mistrial was provoked by prosecutorial misconduct in eliciting evidence that the petitioner was in jail, the trial court should have granted the defense's motion for mistrial with prejudice, barring the state from retrying petitioner based on the principles of double jeopardy and fundamental fairness.  U.S. Const. Amends. V, XIV.

> Ground Two:  The trial court abused its discretion when it denied defense motion for the impaneling of a new jury, based on the fact that jurors viewed petitioner in handcuffs and shackles as he got out of a prison van.
>
> Ground Three:  The trial court abused its discretion when the court failed to grant a postponement to allow Ocean County time to impanel a new jury in compliance with N.J.S.A. 2B:20-2, thus depriving petitioner of a fair and impartial trial as guaranteed by both the New Jersey and United States Constitutions.
>
> Ground Four:  Petitioner was denied effective assistance of counsel when trial counsel failed to timely move for a new jury panel in compliance with 2B:20-2; when defense motion, to seek an evidentiary hearing on defendant's right to be tried by a jury that was in compliance with 2B:20-2 when counsel's personal problems prevented him from effectively defending defendant in violation of his right to effective assistance of counsel.
>
> Ground Five:  Improper summation comments, by the prosecutor, including his personal opinion about the case based on his experience and remarks unfairly disparaging defense counsel's conduct, deprived petitioner of the right to due process of law and a fair trial.

(Pet. ¶¶ 12.A. - 12.E.)

The State filed an Answer, with relevant portions of the state court record, arguing that the Petition is untimely and that the grounds raised do not warrant habeas relief.

## II.  DISCUSSION

A.  Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

4

>    (A) the date on which the judgment became final by the
>    conclusion of direct review or the expiration of the
>    time for seeking such review;
>
>    (B) the date on which the impediment to filing an
>    application created by State action in violation of the
>    Constitution or laws of the United States is removed,
>    if the applicant was prevented from filing by such
>    State action;
>
>    (C) the date on which the constitutional right asserted
>    was initially recognized by the Supreme Court, if the
>    right has been newly recognized by the Supreme Court
>    and made retroactively applicable to cases on
>    collateral review; or
>
>    (D) the date on which the factual predicate of the
>    claim or claims presented could have been discovered
>    through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

>    And an application is "*properly* filed" when its
>    delivery and acceptance are in compliance with the

5

>    applicable laws and rules governing filings.  These
>    usually prescribe, for example, the form of the
>    document, the time limits upon its delivery, the court
>    and office in which it must be lodged, and the
>    requisite filing fee . . . .  In some jurisdictions the
>    filing requirements also include, for example,
>    preconditions imposed on particular abusive filers, or
>    on all filers generally . . . .  But in common usage,
>    the question whether an application has been "properly
>    filed" is quite separate from the question whether the
>    claims *contained in the application* are meritorious and
>    free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted).

The AEDPA statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

6

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed March 24, 1999.  State v. Serrano, 160 N.J. 90 (1999) (table).  The statute of limitations therefore began to run on June 22, 1999, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court.  See Long v. Wilson, 393 F.3d

390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  The limitations period ran for 283 days, and was statutorily tolled on March 31, 2000, when Petitioner executed his post-conviction relief petition and presumably handed it to prison officials for mailing to the Law Division.  The statute of limitations picked up again on July 15, 2003, the day after the Supreme Court of New Jersey denied certification on post conviction review.  State v. Serrano, 177 N.J. 493 (2003) (table).  The statute of limitations ran for the final 82 days until it expired on October 6, 2003.  Petitioner did not sign the Petition until January 13, 2004, three months after the limitations period expired.  Thus, the Petition is untimely unless Petitioner is entitled to equitable tolling.  See Merritt, 326 F.3d at 161.

    Petitioner does not argue in his Memorandum of Law or otherwise that the limitations period should be equitably tolled.  This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period.  Under these circumstances, the statute of limitations expired on October 6, 2003.  Because Petitioner did not sign the relevant § 2254 Petition until January 13, 2004, and because he was not entitled to equitable tolling, his Petition is barred by the statute of limitations.

The Court is mindful that Petitioner's First Petition was pending before this Court between September 15, 1999, and February 25, 2000, when it was dismissed without prejudice. This Court holds that the limitations period was not tolled during the period Petitioner's first petition was pending before this Court. Statutory tolling is unavailable because the United States Supreme Court held in 2001 that the limitations period is not statutorily tolled while an unexhausted § 2254 petition is pending before a federal court. See Duncan v. Walker, 533 U.S. 167 (2001); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); see also Rhines v. Weber, 125 S.Ct. 1528, 1533 (2005) ("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations").

Equitable tolling is foreclosed by the Third Circuit's ruling in Jones v. Morton, 195 F.3d at 159-60, that, absent extraordinary circumstances, the limitations period is not equitably tolled while an unexhausted petition is pending before a district court. Jones filed his second § 2254 petition in this Court on March 28, 1995. Id. at 155. The Court dismissed it on July 15, 1996, on the ground that it did not raise a federal claim and, alternatively, for failure to exhaust state court remedies. Id. Jones applied for a certificate of appealability which the Third Circuit denied on January 13, 1997, for failure to exhaust state court remedies. Id. at 156. Jones filed the §

9

2254 petition at issue on November 3, 1997.  Id.  The Court dismissed that petition on April 9, 1998, on several grounds, including statute of limitations.  Id.  The Third Circuit granted a certificate of appealability as to whether the District Court properly dismissed the petition as time-barred and whether Jones was entitled to tolling of the limitations period.  Id. at 156.  The Third Circuit noted that Jones's prior unexhausted petition was pending before this Court from the date of AEDPA's enactment on April 24, 1996, until February 14, 1997, and that, if Jones were afforded tolling during the pendency of that petition, his present petition would be timely.  Id. at 158.  After rejecting Jones's statutory tolling argument, the circuit court considered Jones's contention that, in light of his repeated attempts to be heard in federal court, it would not be equitable to bar the current petition as untimely.  Id. at 160.

   Noting that, "[t]raditionally, a statute of limitations is not tolled by the filing of a complaint that is subsequently dismissed without prejudice," id. at 160, the Court held that Jones's "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations" and that he had established "no basis for an equitable tolling of the time during which his second habeas petition was pending in federal court."  Id.  The Court also rejected Jones's argument that the filing date of the current

petition should relate back to the filing date of the second unexhausted petition because, once the prior petitions were dismissed, there was nothing for the third petition to relate back to.  Id.  The Third Circuit held that, "if a petition is dismissed for failure to exhaust state remedies, a subsequent petition filed after exhaustion is completed cannot be considered an amendment to the prior petition, but must be considered a new action."  Id. at 160-61.

The Third Circuit's decision in Jones v. Morton, 195 F.3d at 159-160, precludes this Court from finding that Petitioner's mistaken filing of his first unexhausted § 2254 petition is an extraordinary circumstance warranting equitable tolling during the time the First Petition was pending in this Court.  Id.  As Petitioner provides no other extraordinary circumstance that might warrant equitable tolling of the limitations period, the statute of limitations expired on October 6, 2003.

The Supreme Court's recent decisions in Pliler v. Ford, 124 S.Ct. 2441 (2004), and Rhines v. Weber, 125 S.Ct. 1528 (2005), are instructive.  In Pliler, the petitioner filed his first § 2254 petition before the statute of limitations expired.  After the limitations period expired, the district court determined that the petition was mixed, that is, contained exhausted and unexhausted claims.  The district court dismissed the petition without prejudice as unexhausted and the petitioner returned to

11


state court, which summarily dismissed. The petitioner refiled his § 2254 petition in federal court and the district court dismissed the petition with prejudice as untimely under the one-year statute of limitations. The Ninth Circuit granted a certificate of appealability and held that the petition was timely because the filing date related back to the original petition. The Ninth Circuit held that if a pro se petitioner files a mixed petition, the district court errs by dismissing the petition without prejudice, without advising the petitioner (1) of the option for a stay, and (2) that his federal claims would be time-barred, absent equitable tolling, if he opted to dismiss the petition without prejudice and return to state court to exhaust his claims.

The Supreme Court reversed the Ninth Circuit, holding that federal district judges are not required to warn pro se petitioners about the time-bar or to advise them of the option of a stay before dismissing a mixed petition without prejudice. Pliler, 124 S.Ct. at 2446. The Court expressly rejected the petitioner's argument that the advisements are necessary to ensure that pro se petitioners make informed decisions and do not unknowingly forfeit their exhausted claims.

> Respondent reads Rose as mandating that a prisoner be given *the choice* of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court. But Rose requires only that a district court must dismiss . . . mixed petitions, leaving the

> prisoner with the choice described above. In other words, Rose requires dismissal of mixed petitions, which, as a practical matter, means that the prisoner must follow one of the two paths outlined in Rose if he wants to proceed with his federal habeas petition. But nothing in Rose requires that both of these options be equally attractive, much less suggests that district judges give specific advisements as to the availability and wisdom of these options.

Pliler, 124 S.Ct. at 2447 (citations and internal quotation marks omitted).

In Rhines v. Weber, 125 S.Ct. 1528 (2005), the Supreme Court vacated a judgment of the Eighth Circuit holding that a district court has no authority to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court. Noting that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," id. at 1533, the Court observed that

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Id. at 1533.

The Rhines Court held that a district court has the authority to issue stays only where a stay would be compatible with AEDPA's purposes. Id. at 1534. The Court determined that "it likely would be an abuse of discretion for a district court

13

to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 1535.

This Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations.  Because Petitioner is not entitled to equitable tolling of the limitations period, the Court dismisses the Petition as untimely.

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court denies a

certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

<div style="text-align:right">
s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge
</div>